IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL GOODNER, ROBBIE GOODNER,
HENRY KEENER and ROSIE KEENER,
Individually and on behalf of
All others similarly situated                                          PLAINTIFFS

V.                           NO. _14- 4013_

SHELTER MUTUAL INSURANCE COMPANY                          DEFENDANT

## **NOTICE OF REMOVAL**

Defendant Shelter Mutual Insurance Company ("Shelter"), pursuant to
28 U.S.C. §§ 1441 and 1446, hereby removes to this Court the action captioned
*Michael Goodner, Robbie Goodner, Henry Keener and Rosie Keener v. Shelter
Mutual Insurance Company*, Case No. 13-278 on the docket of the Circuit Court
of Miller County, Arkansas.

In support of its Notice of Removal, Shelter respectfully alleges:

1.      On December 2, 2013, Plaintiffs filed a First Amended Class Action
Complaint in the Circuit Court of Miller County, Arkansas. A copy of all
process, pleadings, and orders served upon Shelter in the state court action is
attached as Exhibit A hereto.

2.      The Summons and First Amended Class Action Complaint were
served by certified mail on the agent for service of process for Shelter on
December 11, 2013. This Notice of Removal is filed within 30 days of service of
process and is therefore timely under 28 U.S.C. § 1446(b).

3.     This Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S. C. § 1332(d), because this lawsuit is a putative class action in which there is diversity of citizenship and the amount in controversy exceeds $5 million, as explained more fully below.

**PARTIES**

4.     Plaintiffs are individuals who are residents of and domiciled in Miller County, Arkansas. (Complaint ¶1).

5.     Defendant Shelter is a corporation doing business as a mutual insurance company organized under the laws of Missouri with its principal place of business in Missouri. (Complaint ¶2).

**PLAINTIFFS' ALLEGATIONS[1]**

6.     Plaintiffs filed this case as a putative class action under Arkansas Rule of Civil Procedure 23. (Complaint ¶28).

7.     Plaintiffs Michael Goodner and Robbie Goodner allege that Shelter insured their property and that they made a claim with Shelter for property damage occurring on or about July 9, 2012 (Complaint ¶¶6-7).  Plaintiffs Henry Keener and Rosie Keener allege that Shelter insured their property and that they made a claim with Shelter for property damage occurring on or about August 1, 2008.  (Complaint 13-14)

---

[1] Shelter does not admit the underlying facts as alleged by Plaintiffs or as summarized herein. Shelter expressly denies any liability to Plaintiffs or the putative class. Similarly, Shelter reserves its rights to challenge the legal sufficiency of the allegations in the Complaint, including the class allegations.

8.    Plaintiffs allege that Shelter improperly applied depreciation to the labor costs associated with the repairs to Plaintiffs' property. (Complaint ¶¶10-12, 17-18, 19-27).

9.    Plaintiffs seek damages for alleged breach of contract, requesting "damages sufficient to make them whole for all amounts Defendant unlawfully withheld from them as labor cost depreciation." (Complaint ¶50).

10.   Plaintiffs also seek relief claiming that Shelter has been unjustly enriched, alleging that Plaintiffs are entitled to restitution of "money that Plaintiffs were entitled to and should have received in payment of their claims." (Complaint, Count II, ¶58).

11.   Further, Plaintiffs seek to recover a penalty of 12% pursuant to Ark. Code Ann. § 23-79-208, reasonable attorneys' fees and pre- and post-judgment interest. (Complaint, Prayer for Relief).

12.   Plaintiffs purport to bring this lawsuit on behalf of a putative class proposed to be defined as follows:

> All persons and entities that received "actual cash value" payments, directly or indirectly, from Shelter for covered loss or damage to a dwelling or other structure located in the State of Arkansas, such payments arising from events that occurred within the ten years preceding the date of filing of this Class Action Complaint, where the cost of labor was depreciated.  Excluded from the Class are:  (1) all persons and entities that received a full replacement cost payment from Shelter; (2) all persons and entities that received payment from Shelter in the full amount of insurance shown on the declarations page; (3) Shelter and its affiliates, officers, and directors; (4) members of the judiciary and their staff to whom this action is assigned; and (5) Plaintiffs' counsel.

(Complaint ¶29).

## JURISDICTION UNDER CAFA

13.    Congress intended CAFA "to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits." *Bell v. Hershey Co.*, 557 F.3d 953, 957 (8th Cir. 2009). Removal is proper under CAFA, 28 U.S.C. §1332(d)(2), where, as here, a putative class action involves minimal diversity of citizenship and an aggregate amount in controversy exceeding $5 million.

14.    CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. §1332(d)(8).  This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely Ark. R. Civ. P. 23, authorizing an action to be brought by one or more representative persons as a class action. See 28 U.S.C. §1332(d)(1)(B); Complaint ¶28.

## MINIMAL DIVERSITY

15.    This case satisfies the minimal diversity requirement of CAFA because the named Plaintiffs are citizens of a state different from Shelter. 28 U.S.C. § 1332(d)(2)(A). The named Plaintiffs are citizens of Arkansas. (Complaint ¶1). The proposed members of the putative class would appear to be located and/or domiciled within the State of Arkansas, according to Plaintiffs' allegations. (Complaint ¶¶29-30). Shelter is not a citizen of Arkansas. (Complaint ¶2).

## AMOUNT IN CONTROVERSY

16. Shelter disputes that Plaintiffs have stated any viable claims or that any damages whatsoever are owed to Plaintiffs individually or on behalf of any alleged class. Nevertheless, it is evident from Plaintiffs' proposed class definition and prayer for relief that, notwithstanding Plaintiffs' artificial and legally impermissible attempt to cap asserted class damages below the CAFA threshold, Plaintiffs actually put at issue aggregate damages on behalf of themselves and the alleged class well in excess of the $5,000,000 aggregate threshold required by CAFA.

17.   As an initial matter, when considering whether CAFA jurisdiction exists, the Court should ignore Plaintiffs' attempt to place an artificial cap on potential class recovery. *See Standard Fire Ins. Co. v. Knowles,* 133 S. Ct. 1345, 1350 (2013) (holding that district courts should ignore plaintiffs' stipulations limiting damages "when following the [CAFA] statute to aggregate the proposed class members' claims"). Plaintiffs allege that "no individual Plaintiff's or Class Member's claim is equal to or greater than $75,000.00...[and] the total damages of Plaintiffs and Class Members, inclusive of costs and attorneys' fees, does not exceed $5,000,000.00." Class Action Compl. ¶3. Plaintiffs' attempt to avoid federal jurisdiction by capping alleged class damages is precisely the type of stipulation the Supreme Court held insufficient to avoid CAFA jurisdiction in *Knowles.* Thus, the Court should consider only whether Shelter has submitted sufficient evidence showing that the amount in controversy exceeds

5

$5,000,000. *Deaton v. Frito-Lay N. Am., Inc.*, No. 1:12-CV-01029, 2013 WL 2455941, *1 (W.D. Ark. June 5, 2013).

18.     This Circuit has recognized that "a party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence regardless of whether the complaint alleges an amount below the jurisdictional minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009) (rejecting plaintiff's contention that defendant must prove amount in controversy to a legal certainty).    Under the preponderance standard, "[t]he defendant does not have to prove by a preponderance that the amount in controversy *is* more than $5 million, but rather that a fact finder *might* legally conclude that it is." *Basham v. Am. Nat'l Cnty. Mut. Ins. Co.*, No. 4:12-CV-4005, 2013 WL 5755684, -- F. Supp. 2d --, *2 (W.D. Ark. Oct. 23, 2013) (emphases in original).

19.     This case satisfies CAFA's amount in controversy requirement because the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs.  28 U.S.C. §1332(d)(2).  CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.,* §1332(d)(6). In determining the amount in controversy, the Court properly considers all applicable damages, including statutory penalties and attorneys' fees.  *Basham v. American National County Mutual Insurance Company*, 2012 U.S. Dist. LEXIS 126609 (W.D. Ark., Sept. 6, 2012) (Hickey, J.).

6

20.   On removal, a defendant may meet its burden of establishing the amount in controversy by presenting supplemental evidence, such as affidavits. *See Thatcher v. Hanover Ins. Grp., Inc.*, Civil No. 10-4172, 2012 WL 1933079, *3 (W.D. Ark. May 29, 2012) (denying plaintiff's motion to remand because defendant's affidavits, showing amount in controversy, are evidence for removal purposes).

21.   In this case, Plaintiffs seek, on behalf of themselves and the putative class, recovery of *all* labor costs depreciated by Shelter in Arkansas. *See* Complaint, ¶50 ("Plaintiff and other Class Members are entitled to recover damages sufficient to make them whole for *all* amounts Defendant unlawfully withheld from them as labor cost depreciation.") (emphasis added); ¶ E (praying that the Court will "[a]ward the Class damages in an amount equal to the *total amount* of depreciated labor costs withheld on Class Members' claims") (emphasis added).

22.   Shelter has met its burden here of establishing that the foregoing damages sought by Plaintiff potentially would exceed the CAFA jurisdictional limit with the showing contained in the Affidavit of Tom Klenke submitted in support of this Notice of Removal.

23.   Before March 2010, Shelter maintained its claims in paper form and tracked limited payment information into a legacy computer system. Shelter's electronic claims system, Claims Work Station (CWS), maintained since March 2010, does not include a searchable field to determine the exact amount of labor costs or depreciation of those costs for a particular claim or on

7

an aggregate basis. Searchable payment information from CWS includes the total amount, if any, of total depreciation paid on a claim if it was not paid in the original payment. The legacy system does not include this information. Also neither CWS nor the legacy system breaks down the payment by the different parts of an estimate (i.e., material and labor) or how much of any depreciation applies to labor versus material. Therefore, the claims' labor costs or depreciation of those labor costs are not available to electronically search.

24. Shelter is researching whether these amounts can even be determined by a manual review of each file. Based on Shelter's corporate claims-file retention policy, some claims falling within the proposed class were previously purged from Shelter's files and systems. Shelter's last claims-file purge occurred in January 2013, long before Shelter learned of this lawsuit. Even if a determination of the exact amount of labor costs or depreciation of those costs were possible through a claim-by-claim review, because there are literally thousands of claims which may involve the depreciation of labor, and because some claims have been purged, Defendant Shelter is unable to conduct a manual review of each claim file. Therefore, Shelter has made certain assumptions regarding potential class claims to satisfy the pleading requirements of CAFA.

25. Shelter's review of available data maintained regarding payments on claims under its homeowners' lines of policies for the approximate five-year period before Plaintiffs' Complaint was filed reflects the aggregate payments for damage to real property (less payments of policy limits) paid depreciation,

8

general contractors' overhead and profit, and debris removal), is over $72,000,000. Applying a reasonable assumption that labor costs constitute 60% of those payments, the total labor costs for these claims over the last five years approximate $41,500,000. Making another reasonable assumption that depreciation on labor averaged 30%, the amount of depreciation on labor exceeds $12,400,000 on Shelter's homeowners claim over the last five years. See Affidavit of Tom Klenke attached hereto as Exhibit B. Moreover, the asserted class here spans 10 years, not just five, and the Complaint seeks recovery of the total amount of labor costs depreciated during that 10-year time period. Consequently, Shelter's showing more than meets the CAFA $5 million aggregate damages threshold.

26.     If Plaintiff and the putative class succeed in establishing breaches of contract, they could potentially be entitled to an additional 12% penalty, plus attorneys' fees. Arkansas law provides, as a general rule, that "[i]n all cases in which loss occurs and the...property...insurance company...shall fail to pay the losses within the time specified in the policy after demand is made, the [company] shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss." Ark. Code Ann. §23-79-208(a)(1). The Court considers such damages and attorneys' fees as part of the amount in controversy for purposes of federal jurisdiction. *See Basham, supra.*

27.    Here, an additional 12% statutory penalty would significantly increase the amount in controversy.

28.    With respect to attorneys' fees, in cases brought against insurance companies seeking to recover under insurance policies, attorneys' fees are potentially available under Ark. Code Ann. §23-79-208(a)(1).  Arkansas courts have held that attorneys' fees of "forty percent of the amount recovered by [plaintiff] under the policies, plus penalty and prejudgment interest," are reasonable under that statute.  *Capital Life & Accident Ins. Co. v. Phelps*, 76 Ark. App. 428, 434-35, 66 S.W.3d 678, 682-83 (2002).  Here, attorneys' fees calculated, as in *Phelps*, as 40% of breach of contract damages plus the penalty, would again, significantly increase the amount in controversy.

29.    Clearly, the amount in controversy far exceeds the requisite jurisdictional amount under CAFA.

## EXCEPTIONS TO CAFA JURISDICTION

30.    None of the exceptions to CAFA jurisdiction applies. Shelter is not a citizen of the state in which the action was filed, i.e., Arkansas. Accordingly, Sections 1332(d)(3) and (d)(4) do not apply.  Section 1332(d)(5)(A) does not apply because Shelter, the only defendant, is not a State, State official or other governmental entity against which this Court may be foreclosed from ordering relief. Section 1332(d)(5)(B) does not apply because the number of members of all proposed plaintiff classes in the aggregate is not less than 100. (Complaint ¶23).  Section 1332(d)(9) does not apply because Plaintiff's claims

10

do not involve securities or the internal affairs or governments of a corporation or other form of business enterprise.

31.     Accordingly, this Court has original jurisdiction under CAFA.

### REMOVAL PROCEDURE

32.     A copy of this Notice of Removal is being served upon all counsel of record, along with a copy of the Notice to the Clerk of Court for the Circuit Court of Miller County, Arkansas, which is being filed simultaneously in that court.

31.     Copies of all process, pleadings, and orders, other than the Summons and Complaint, in the state court action are attached as Exhibit C hereto.

WHEREFORE, Shelter hereby provides notice that this action is duly removed to this Court.

Respectfully submitted,

JOHN E. MOORE            82111
MUNSON, ROWLETT, MOORE
        AND BOONE, P.A.
400 W. CAPITOL AVENUE, SUITE 1900
LITTLE ROCK, AR 72201
501/374-6535; 501/374-5906 FAX
john.moore@mrmblaw.com

BY:_John E. Moore_____
        JOHN E. MOORE            82111

<u>CERTIFICATE OF SERVICE</u>

I, John E. Moore, certify that a copy of the foregoing Notice of Removal was sent via U.S. mail this ___ day of January, 2014, to:

W.H. Taylor
Taylor Law Partners
303 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703

Jason E. Roselius
The Roselius Law Firm
13190 N. MacArthur Blvd.
Oklahoma City, OK 73142

Stephen Engstrom
Wilson, Engstrom, Corum & Coulter
200 River Market Ave., Ste. 600
Little Rock, AR 72201

John C. Goodson
Matt Keil
Keil & Goodson, P.A.
406 Walnut Street
Texarkana, AR 71854

JOHN E. MOORE