IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL GOODNER, individually
and on behalf of all others similarly situated;
and ROBBIE GOODNER, individually and on
behalf of all others similarly situated                                                          PLAINTIFFS

v.                                       Case No. 4:14-cv-4013

SHELTER MUTUAL INSURANCE
COMPANY                                                                                          DEFENDANT

## ORDER

Before the Court is the Motion for Partial Dismissal filed by Defendant Shelter Mutual Insurance Company. (ECF No. 10). Plaintiffs have filed a Response. (ECF No. 25). Defendant has filed a Reply. (ECF No. 26). The Court finds this matter ripe for its consideration.

Plaintiffs Michael Goodner and Robbie Goodner filed their First Amended Complaint in this action on January 10, 2014, asserting claims of breach of contract and unjust enrichment against Shelter Mutual Insurance Company ("Shelter"). Plaintiffs allege that the Goodners contracted with Shelter for an insurance policy providing coverage for their property. On or about July 9, 2012, the Goodners suffered a covered loss to the covered dwelling. Shelter sent an adjuster to inspect the damage. The adjuster estimated a total replacement cost. In calculating their payment obligation to the Goodners, Shelter subtracted from the adjuster's estimate the deductible and an additional amount for depreciation. Plaintiffs allege that Shelter breached the contract and was unjustly enriched by including in the depreciation deduction an additional amount of depreciation for the cost of labor. Shelter asserts that the Goodners' claims for unjust enrichment should be dismissed.[1]

---

[1] Shelter's Motion also asserts that the claims of Plaintiffs Henry Keener and Rosie Keener should be dismissed. Since filing the Motion to Dismiss, the parties have stipulated to the dismissal of Henry Keener and Rosie Keener as Plaintiffs. Accordingly, those arguments are moot and will not be addressed by the Court.

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In deciding a Rule 12(b)(6) motion, courts are required to accept all of the Complaint's well-pled allegations as true and resolve all inferences in the Plaintiffs' favor. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 933 n.4 (8th Cir. 2012). The issue in considering such a motion is not whether the Plaintiffs will ultimately prevail, but whether the Plaintiffs are entitled to present evidence in support of the claim. *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Defendant first asserts that Plaintiffs' unjust enrichment claim should be dismissed because the parties' relationship is governed by a written contract. The doctrine of unjust enrichment does not apply when there is a valid, legal, and binding contract. *Hall Contracting Corp. v. Entergy Servs., Inc.*, 309 F.3d 468, 475 (8th Cir. 2002); *Lowell Perkins Agency, Inc. v. Jacobs*, 469 S.W.2d 89, 92-93 (Ark. 1971). However, at this stage of the litigation, the Plaintiffs may state their case on alternative theories and cannot be required to make an election at this time. Should, for whatever reason, one of their theories not proceed, the Plaintiffs should be able to proceed on an alternative theory. Therefore, the Court finds that Plaintiffs' unjust enrichment claim does not fail at this stage of the litigation because it is pled as an alternative theory. Therefore, Shelter's Motion to Dismiss the unjust enrichment claims based on the existence of a valid contract should be denied.

Defendant next asserts that Plaintiffs' claims should be dismissed because they have failed

to allege facts to state a claim for unjust enrichment. Under Arkansas law, unjust enrichment is "the principle that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly." *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 210 S.W.3d 101, 112 (Ark. 2005). Defendant asserts that Plaintiffs' First Amended Complaint contains no more than threadbare recitation of the cause of action. In Plaintiffs' First Amended Complaint, they assert that Shelter withheld payments that should have been paid to Plaintiffs under Arkansas law. They allege that Shelter "retained, and had the beneficial use of, money that Plaintiffs were entitled to and should have received." The Court finds that the factual allegations are sufficient to state a claim for unjust enrichment.

Accordingly, Defendant's Motion for Partial Dismissal (ECF No. 10) is **DENIED**.

**IT IS SO ORDERED**, this 14th day of March, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge