IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL GOODNER and
ROBBIE GOODNER, individually and
on behalf of all others similarly situated                                                      PLAINTIFFS

v.                                         Case No. 4:14-cv-4013

SHELTER MUTUAL INSURANCE
COMPANY                                                                                          DEFENDANT

**AMENDED ORDER**

On February 23, 2017, the Court entered an Order granting the Plaintiffs' Agreed Motion for Preliminary Approval of Class Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives, Appointment of Class Counsel.  (ECF No. 66).  In the tenth numbered paragraph of that Order, the Court stated that the Administrator must complete the mailing of the Class Notice and Claim Form to Potential Class Members by no less than sixty (60) days prior to the Final Approval Hearing.  This deadline shall be amended to require that the Administrator complete mailing of the Class Notice and Claim Form to Potential Class Members by no less than fifty-five (55) days prior to the Final Approval Hearing.  Therefore, the Court's February 23, 2017 Order (ECF No. 66) is amended to read as follows:

Before the Court is Plaintiffs' Agreed Motion for Preliminary Approval of Class Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives, Appointment of Class Counsel.  (ECF No. 62).  Plaintiffs and Defendant Shelter Mutual Insurance Company ("Shelter") have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Stipulation of Settlement (the "Stipulation")

filed with the Court on January 17, 2017.  (ECF No. 62-1).  On February 15, 2017, the Court held a hearing regarding the motion.  The Court finds this matter ripe for consideration.

**IT IS HEREBY ORDERED THAT**:

1. The Stipulation is incorporated by reference in this Order, and all terms defined in the Stipulation shall have the same meanings in this Order.

2. The Stipulation and Proposed Settlement are preliminarily approved as fair, adequate, and reasonable, and Plaintiffs' motion for preliminary approval of the Proposed Settlement is hereby **GRANTED** in all material respects, subject to further consideration at the Final Approval Hearing.  However, the Court does find that the Stipulation must be amended in certain non-material respects, as specifically noted below.  Provisions of this Order that deviate from the terms of the Stipulation will be underlined.

3. Contingent upon final approval of the Proposed Settlement, and pursuant to Federal Rule of Civil Procedure 23, Plaintiffs' motion for preliminary class certification is hereby **GRANTED**.  The following Settlement Class is conditionally certified for settlement purposes only:

> Persons who had a Covered Loss where the claim was paid at less than the limit of liability (accounting for deductible), and where Shelter or its Affiliate made an indemnification payment that included a deduction for estimated depreciation of labor.
>
> Excluded from the Class are:  (1) Persons who received indemnification payment(s) for full replacement cost; (2) Persons who received indemnification payment(s) in the full amount of limit of liability shown on the declarations page; (3) Shelter and its Affiliate, officers and directors; (4) Members of the judiciary and their staff to whom this action is assigned; and (5) Class Counsel.
>
> "Covered Loss" means a first party insurance claim for physical damage that occurred during the Class Period on Arkansas homeowners insurance policy forms HO-3 (03 04); HO-3 (01 07); HO-5 (B-826); HO-6 (03 04); HO-6 (01 07); B-450.3; MHO (I-31.4) issued by Shelter or its Affiliate, that resulted in an

indemnity payment by Shelter or its Affiliate under Coverage A or B.

"Affiliate" means Shelter General Insurance Company.

"Class Period" means the period of December 11, 2008 through December 15, 2015.

4.      Plaintiffs Michael Goodner and Robbie Goodner are preliminarily appointed as representatives of the Settlement Class ("Representative Plaintiffs"), and the Court preliminarily finds that the following attorneys for Plaintiffs satisfy the adequacy requirement of Federal Rule of Civil Procedure 23, and appoints such as counsel for the Settlement Class ("Class Counsel"):

| | |
|---|---|
| Matt Keil | Steven E. Vowell |
| John C. Goodson | William B. Putman |
| **KEIL & GOODSON P.A.** | **TAYLOR LAW PARTNERS** |
| 406 Walnut St. | 303 E. Millsap Road |
| Texarkana, Arkansas 71854 | P.O. Box 8310 |
| | Fayetteville, Arkansas 72703 |
| | |
| Richard E. Norman | A.F. "Tom" Thompson, III |
| R. Martin Weber, Jr. | Casey Castleberry |
| **CROWLEY NORMAN LLP** | **MURPHY, THOMPSON, ARNOLD,** |
| Three Riverway, Ste. 1775 | **SKINNER & CASTLEBERRY** |
| Houston, Texas 77056 | P.O. Box 2595 |
| | Batesville, Arkansas 72503 |
| | |
| Jamie Pratt | Jason E. Roselius |
| **JAMES M. PRATT, JR. P.A.** | **MATTINGLY & ROSELIUS, PLLC** |
| 144 Washington St. NW | 13182 N. MacArthur Blvd. |
| Camden, Arkansas 71701 | Oklahoma City, Oklahoma 73142 |
| | |
| Matthew L. Mustokoff | James A. Streett |
| Richard A. Russo, Jr. | **STREETT LAW FIRM, P.A.** |
| **KESSLER TOPAZ MELTZER &** | 107 West Main Street |
|    **CHECK, LLP** | Russellville, Arkansas 72801 |
| 280 King of Prussia Road | |
| Radnor, Pennsylvania 19087 | |

If final approval of the Proposed Settlement is not granted, this Order, including the above description of the Settlement Class and the preliminary appointment of the Representative

3

Plaintiffs and Class Counsel, shall be automatically vacated. If the Stipulation is terminated or is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or if the agreement to settle is terminated as provided in Paragraph 65 of the Stipulation, the Stipulation and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose including, but not limited to, the "certifiability" of any litigation class, as discussed in Paragraph 67 of the Stipulation.

5. Kurtzman Carson Consultants (the "Administrator") shall serve as the third-party administrator of the Settlement in accordance with terms of the Stipulation.

6. Pending the Court's final determination of whether the Proposed Settlement will be approved, neither Plaintiffs nor any potential Class Member who has not opted out, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in, support, or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against Shelter that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Action or the Stipulation. Accordingly, the Court hereby preliminarily enjoins Plaintiffs and any Class Member who has not opted out from bringing a new class action or attempting to amend an existing action to assert any class claims that would be released pursuant to the Stipulation.

7. The parties have prepared the Class Notice, Claim Form, Publication Notice, and Reminder Postcard, and Disposition Letter, which have been submitted to the Court as Exhibits 2, 3, 4, 6, and 7 to the Stipulation. (ECF No. 62-1). The Court has reviewed and approves these forms.

8. No more than thirty (30) days after the date of entry of this Order, Shelter shall conduct a reasonable search of its records during the Class Period and their records of Covered

Losses and provide to the Administrator the following information, if reasonably available, for each person reasonably believed to be a potential Class Member: name, last known address, date of loss, policy number, claim number, the dollar amount Shelter paid in response to the claim under Coverages A and B, the amount of labor depreciation withheld or the estimated amount of labor depreciation withheld; and the amount estimated to be paid to the Class Member under the terms of this Stipulation.

9. The Administrator shall send a copy of the Class Notice and a Claim Form by first-class U.S. mail to each potential Class Member for whom Shelter has ascertained a name and address. Prior to mailing, the Administrator shall run the addresses one time through the National Change of Address database ("NCOA") in an attempt to obtain the most current address for each potential Class Member.

10. Upon completion of the updating efforts, the Administrator shall use its best efforts to complete the mailing of the Class Notice and Claim Form to potential Class Members by first-class U.S. mail, postage prepaid, addressed to the last known addresses of Potential Class Members maintained by Shelter and as updated by the Administrator, and bearing the return address of the Administrator, by no less than fifty-five (55) days prior to the Final Approval Hearing. The Class Notice and Claim Form are approved as to form and content by the Court and shall be in the form and content attached to the Stipulation as Exhibits 2 and 3, without substantive alteration. Any substantive revision(s) to the Class Notice or Claim Form must be approved by the Court prior to mailing. The parties may informally inquire of the Court if there is a question as to whether a revision is substantive.

11. If any Class Notice and Claim Form mailed to any potential Class Member is returned to the Administrator as undeliverable, the Administrator will promptly log such return

as undeliverable and provide copies of the log to Shelter and Class Counsel as requested. If the mailing is returned to the Administrator with a forwarding address, the Administrator will forward the mailing to that address. For the remaining returned mailings, the Administrator will run the name and address one time through a single commercial database resources entity (*e.g.* Accurint, TransUnion, etc.) chosen by the Administrator, and make an attempt to obtain a more current mailing address for each returned mailing. Those mailings shall be forwarded to any new address obtained through such a search. The Class Notice and a blank Claim Form will also be made available to all potential Class Members by request to the Administrator, who shall send via first-class U.S. mail any of these documents as requested by any potential Class member.

      12.    The Court finds that the procedures set forth in the preceding paragraphs constitute reasonable and best notice practicable under the circumstances and an appropriate and sufficient effort to locate current addresses of Class Members such that no additional efforts shall be required. Upon request, Shelter and the Administrator shall provide Class Counsel such reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

      13.    In addition to the mailed Class Notices, by no later than sixty (60) days prior to the Final Approval Hearing, the Administrator shall:

      a. Set up and maintain an automated toll-free phone number.

      b. Publish a notice ("Publication Notice") of the Settlement in the Arkansas Democrat-Gazette. The Publication Notice shall be published once a week for four consecutive weeks, beginning the week the Class Notice is mailed, in a form substantially similar to that attached as Exhibit 4 to the Stipulation. Any substantive revision(s) of the Publication Notice agreed to by the Parties after entry of this Order must be approved by the Court prior to publication. The parties may informally inquire of the Court if there is a question as to whether a revision is considered to be substantive.

      c. Establish a website that sets forth the applicable deadlines, contains the

relevant documents, and provides a portal for the submission of claims that satisfies the requirements of the Claim Form. No later than forty-five (45) days prior to the deadline for submitting a claim, the Administrator shall send to each Class Member who has not filed a claim Reminder Postcard, in the form attached as Exhibit 6 to the Stipulation, with information regarding the claim deadline, and sufficient information to enable the Class Member to access the website and submit a claim via the portal or to request a paper copy of the claim form.

14. <u>Not less than five (5) days prior</u> to the Final Approval Hearing, Class Counsel and/or Shelter shall file with the Court a declaration confirming compliance with the foregoing notice plan.

15. Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Stipulation as Exhibit 3, requesting Claim Settlement Payments in accordance with the terms of the Stipulation.

16. To be considered valid and timely, a Claim Form must be signed by or on behalf of Class Members, as provided in the Stipulation, materially complete, and (i) if in paper form, mailed to the address of the Administrator as specified in the Claim Form and postmarked by the deadline for submitting claims, which shall be July 9, 2017, which is forty-five (45) days after the Final Approval Hearing, or (ii) if submitted electronically via the Settlement website, be completed and submitted by midnight CST on July 9, 2017 ("Claim Submission Deadline").

17. The costs of providing notice and effectuating all other settlement administration services shall be borne by Shelter as agreed in the Stipulation.

18. The Court preliminarily finds that dissemination of the Class Notice under the terms and in the format provided for in this Order, together with the establishment of an automated toll-free telephone number and website, and publication of the Publication Notice as discussed above, constitutes the best notice practicable under the circumstances, is reasonably calculated to apprise Class Members of the pendency of the Action and of their right to object or

7

opt-out of the Proposed Settlement; is due, adequate, and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Arkansas and United States Constitutions, and the requirements of any other applicable rules or law.

19. The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement at 9:00 a.m., May 25, 2017, at the United States Courthouse, Texarkana, Arkansas. This date shall be set forth in the Class Notice. During the Final Approval Hearing, the Court will consider and determine:

    a. Whether the Proposed Settlement should be finally approved by the Court as fair, reasonable, and adequate, and if so, whether to incorporate the Stipulation as the judgment of the Court that shall be binding on all Class Members who have not timely requested exclusion from the Settlement Class;

    b. Whether to confirm certification of the Settlement Class for settlement purposes only and whether the requirements of Federal Rule of Civil Procedure 23 have been met for purposes of certifying the Settlement Class;

    c. Whether notice to potential Class Members, in the form and manner described in this Order and the Stipulation, has been accomplished as directed, and whether such notice satisfies the requirements of Federal Rule of Civil Procedure 23 and due process as being the best notice practicable under the circumstances to all persons entitled thereto;

    d. Whether and in what amount Class Counsel shall be awarded attorneys' fees and expenses, as specified in the Stipulation;

    e. Whether and in what amount incentive compensation shall be awarded to the Representative Plaintiffs; and

    f. Objections, if any, made to the Proposed Settlement or any of its terms.

Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the members of the Settlement Class. <u>Any rescheduled date for the Final Approval Hearing will be posted on the Settlement website.</u>

20. Class Members who wish to exclude themselves from the Settlement Class must submit a written request for exclusion. To be effective, an exclusion request must include the Class Member's name and address; a clear and unequivocal statement that the Class Member wishes to be excluded from the Settlement Class; and the signature of the Class Member or, in the case of a Class Member who is deceased or incapacitated, the signature of the legally authorized representative of the Class Member. The exclusion request must be mailed to the Administrator at the address provided in the Class Notice and must be postmarked no later than twenty (20) days prior to the Final Approval Hearing. The Court, in its discretion, may allow requests for exclusion not made in full, technical compliance with this Order upon a showing of good cause for failure to comply, but in no event will a request for exclusion be considered if filed after the Final Approval Hearing.

21. Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Class Notice and the Stipulation shall be excluded from the Settlement Class. Class Members who exclude themselves from the Settlement Class will have no rights under the Proposed Settlement, shall not share in any distribution of funds under the Proposed Settlement, and shall not be bound by the Proposed Settlement or any final judgment approving the Proposed Settlement.

22. All Class Members who do not request exclusion in the manner set forth in the Class Notice and the Stipulation shall be bound by any final judgment entered pursuant to the Stipulation, and shall be barred and enjoined, now and in the future, from asserting any Released Claims against any Released Persons, as defined in the Stipulation. Upon entry of a final judgment approving the Proposed Settlement, all Class Members shall be conclusively deemed to have fully and finally released all of the Released Persons from any and all Released Claims.

23. Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Class Members who choose to object to the Proposed Settlement ("Objector") must file a written notice of objection, as described below. Any Class Member may appear at the Final Approval Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness, and adequacy of the Proposed Settlement, and on the application for an award of attorneys' fees and costs. The right to object to the Proposed Settlement must be exercised individually by a Class Member, not as a member or representative of a group or subclass, except in the case of a legally authorized representative on behalf of a deceased, minor, or incapacitated Class Member. To be considered, the written notice of intent to object to the Proposed Settlement should:

    a. Contain a heading which includes the name of the case and case number of this Action;

    b. Provide the Objector's name, address, telephone number, and signature;

    c. Indicate the specific reasons why the Objector objects to the Proposed Settlement;

    d. Be filed with the Clerk of Court no later than twenty (20) days prior to the Final Approval Hearing;

    e. Be sent to the Administrator by first-class mail, and postmarked no later than twenty (20) days prior to the Final Approval Hearing;

    f. Contain the name, address, bar number, and telephone of the Objector's counsel, if represented by an attorney; and

    g. State whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel.

In addition, a notice of intent to object should contain the following additional information if the Objector or his/her attorney requests permission to speak at the Final Approval Hearing:

    i. A detailed statement of the specific legal and factual basis for each and

       every objection;

   ii.    A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, along with the address of each witness and a summary of his/her proposed testimony;

   iii.    A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing; and

   iv.    Documentary proof of membership in the Settlement Class.

<u>An Objector who does not include the above information in his/her notice of intent to object will likely be limited in speaking and presenting evidence or testimony at the Final Approval Hearing and may be prevented from doing so entirely.</u>

24.    Any Class Member who does not timely file a notice of intent to object waives the right to object or to be heard at the Final Approval Hearing and is barred from objecting to the Proposed Settlement. However, the Court retains discretion to hear objections absent full, technical compliance with this Order upon a showing of good cause for failure to comply.

25.    The Administrator shall give Shelter and Class Counsel a copy of each notice of intent to object received by the Administrator upon receipt.

26.    <u>Not less than ten (10) days prior</u> to the Final Approval Hearing, Class Counsel shall file with the Court a motion seeking the Court's final approval of the Proposed Settlement and Stipulation and entry of the final judgment in the form and content attached to the Stipulation as Exhibit 5. Shelter, in its sole discretion, may also file a brief in support of final approval of the Proposed Settlement. Not less than five (5) days prior to the Final Approval Hearing, Class Counsel shall file with the Court a declaration of Class Members who have timely excluded themselves from the Settlement Class, the number of returned Class Notices, and the number of Objectors.

27.　　The parties are directed to amend the Stipulation and reflect the modifications noted in this Order. A finalized, amended Stipulation must be presented to the Court for approval by no later than March 2, 2017. Once the Court has approved the amended Stipulation, no additional amendments may be made without prior approval of the Court.

28.　　Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order or in the Stipulation, or the date and/or time of the Final Approval Hearing, without further notice to the Settlement Class.

29.　　Except for proceedings in furtherance of the Proposed Settlement, this action is stayed pending further order from the Court. The trial of this matter, currently set for March 20, 2017, is cancelled.

**IT IS SO ORDERED**, this 24th day of March, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge