IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL GOODNER and
ROBBIE GOODNER, individually and
on behalf of all others similarly situated                                PLAINTIFFS

v.                          Case No. 4:14-cv-4013

SHELTER MUTUAL INSURANCE
COMPANY                                                                   DEFENDANT

## FINAL ORDER AND JUDGMENT

Before the Court is Plaintiffs' Agreed Motion for Final Approval of Class Action Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives and Appointment of Class Cousnel ("Motion for Final Approval"). (ECF No. 69). Also before the Court is Class Counsel's Motion for Attorneys' Fees and Costs Related to the Stipulation of Settlement and Request for Fee Award to Class Representatives ("Class Counsel's Application for Fees"). (ECF No. 71). Plaintiffs and Defendant have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Amended Stipulation of Settlement filed with the Court on March 3, 2017. (ECF No. 67). On May 25, 2017, the Court held a final approval hearing on the motions. The Court finds the matter ripe for consideration.

### I. BACKGROUND

1. Plaintiffs filed a Complaint in this Action alleging that Defendant Shelter Mutual Insurance Company ("Shelter") violated applicable law and breached its contracts with insureds by wrongfully depreciating the cost of labor when resolving structural claims in the State of Arkansas. Shelter has maintained throughout this Litigation that it has at all times paid claims

when reasonable and appropriate to do so and has consistently acted in accordance with the governing laws and regulations of Arkansas and each State in which it does business.

2. After litigation between the parties and arms-length negotiations between Class Counsel and counsel for Shelter, the parties have reached a settlement that provides substantial benefits to a Settlement Class, in return for a release and dismissal of claims against Shelter.

3. Plaintiffs and Shelter executed and filed a Stipulation of Settlement and exhibits thereto, dated January 17, 2017 (the "Stipulation"). In accordance with the Court's order entered on February 23, 2017, the parties executed and filed an Amended Stipulation of Settlement on March 3, 2017 (the "Amended Stipulation").

4. The Amended Stipulation is hereby incorporated by reference in this Final Judgment, and definitions and terms set forth in the Stipulation are hereby adopted and incorporated into this Final Judgment.

5. On January 17, 2017, Plaintiffs filed with the Court the Stipulation and exhibits thereto along with a motion for preliminary approval of the Proposed Settlement.

6. On February 23, 2017, the Court entered an order ("Preliminary Approval Order"), preliminarily approving class settlement, preliminarily approving the Stipulation, preliminarily certifying the Settlement Class for settlement purposes only as a class action, and scheduling a hearing for May 25, 2017 at 9:00 a.m., to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order and the Stipulation ("Final Approval Hearing").

7. As part of its Preliminary Approval Order, the Court preliminarily certified for settlement purposes only a Settlement Class defined as follows:

Persons who had a Covered Loss where the claim was paid at less than the limit of liability (accounting for deductible), and where Shelter or its Affiliate made an indemnification payment that included a deduction for estimated depreciation of labor.

Excluded from the Class are:

(1) Persons who received indemnification payment(s) for full replacement cost;
(2) Persons who received indemnification payment(s) in the full amount of limit of liability shown on the declarations page;
(3) Shelter and its Affiliate, officers, and directors;
(4) Members of the judiciary and their staff to whom this action is assigned; and
(5) Class Counsel.

"Covered Loss" means a first party insurance claim for physical damage that occurred during the Class Period on Arkansas property insurance policy forms HO-3 (03 04); HO-3 (01 07); HO-5 (B-826); HO-6 (03 04); HO-6 (01 07); B-450.3; MHO (I-31.4) issued by Shelter or its Affiliate, that resulted in an indemnity payment by Shelter or its Affiliate under Coverage A or B.

"Affiliate" means Shelter General Insurance Company.

"Class Period" means the period of December 11, 2008 through December 15, 2015.

8. As part of the Preliminary Approval Order, this Court approved a proposed Individual Notice, which provided Class Members with notice of the Proposed Settlement and Stipulation. In accordance with the Stipulation, the Individual Notice also explained the opportunity for Class Members to file objections to the Proposed Settlement and the process by which Class Members could exclude themselves from the Settlement Class. The Court also approved published notice of the Settlement in the Arkansas Democrat-Gazette (the "Publication Notice"), and required that an automated toll-free phone number and settlement website to be set up, all of which further provided Class Members with information about the Proposed Settlement.

3

9.      The Court ordered the Individual Notice and Claim Form, in the forms attached to the Stipulation of Settlement as Exhibits "2" and "3", be mailed by the independent third-party settlement administrator for the Proposed Settlement, Kurtzman Carson Consultants LLC ("KCC"), by First Class United States mail, postage prepaid, on or before March 31, 2017, 55 days before the Final Approval Hearing, to all potential Class Members whose names and last known addresses were ascertained by Shelter through a reasonable search and inquiry of their records of claims by Class Members during the Class Period, with supplementation of those addresses as described in the Stipulation.

10.     On May 15, 2017, Plaintiffs moved for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment.  In support, Plaintiffs submitted, among other things, evidence concerning the dissemination and adequacy of Class Notice, evidence regarding the names of potential Class Members who timely submitted requests for exclusion from the Settlement Class, evidence regarding the negotiation of the Stipulation, evidence regarding the fairness, reasonableness, and adequacy of the terms of the Stipulation, and evidence regarding the fairness, reasonableness and adequacy of Class Counsel's Application for Fees.  In further support of the Motion for Final Approval, Plaintiffs submitted a Brief in Support of Motion for Final Approval, setting forth extensive argument and authority, along with various exhibits attached thereto.  Class Counsel's Application for Fees likewise contained extensive argument and supporting authority.

11.     In accordance with the Preliminary Approval Order, the Court held the Final Approval Hearing on May 25, 2017.

12.     Plaintiffs offered at the Final Approval Hearing the following evidence in support of the Motion for Final Approval and Class Counsel's Application for Fees:

| **Exhibit No.** | **Description** |
|---|---|
| 1 | DECLARATION OF MATT KEIL |
| 2 | DECLARATION OF MICHAEL GOODNER |
| 3 | DECLARATION OF ROBBIE GOODNER |
| 4 | DECLARATION OF KAREN ROGAN |

13. Class Counsel filed with the Court the declaration of Karen Rogan, KCC's senior project manager. Ms. Rogan declared that the mailing of the Court-approved Individual Notice was completed on March 31, 2017. The Individual Notice, along with a Claim Form, was mailed via First Class United States mail to 27,867 Class Members. KCC received a return of 4,681 Individual Notices as undeliverable and without forwarding addresses. KCC then conducted address searches using credit and other public source databases to attempt to locate new addresses for all of these Class Members. As of May 17, 2017, these searches resulted in 3,466 updated addresses. KCC then re-mailed Individual Notices and Claim Forms to each of the updated addresses. The Court finds that the percentage of Individual Notices that were returned without forwarding addresses is reasonable. As of May 22, 2017, KCC had received ten valid and timely Requests for Exclusion, and the Court had received zero objections. No objections were made at the Final Approval Hearing.

14. The parties and KCC have satisfactorily demonstrated that Individual Notice and a Claim Form were mailed and that the Publication Notice was published, in accordance with the Stipulation and Preliminary Approval Order.

15. The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that Shelter has fully complied with the notice requirements under that Act.

16. The Settlement provides substantial monetary benefits to Eligible Class Members who timely submit completed and signed Claim Forms. The monetary liability of Shelter for settlement payments to Class Members; attorneys' fees, costs, and expenses of the Litigation; and Court-approved participation awards to the Class Representatives meets or exceeds $24,529,071. In addition to the $24,529,071, Shelter has agreed to fund the costs of claims notice and administration. The claims procedure established under the Stipulation is uniform and fair, and provides Class Members with the opportunity to receive settlement payments as described in the Stipulation.

17. All Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Individual Notice and Publication Notice. The Court finds that the individual interests of the ten Class Members who sought exclusion from the Settlement Class are preserved and that no Class Member was precluded from being excluded from the Settlement Class if he or she so desired. Those ten Class Members who timely and properly excluded themselves from the Settlement Class are identified in the attached Exhibit "1."

18. Class Members who did not timely file and serve an objection in writing to the Stipulation, to the entry of this Final Judgment, or to Class Counsel's Application for Fees, in accordance with the procedure set forth in the Individual Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

19. At the Final Approval Hearing, the Court considered, among other matters described herein, (a) whether certification of the Settlement Class for settlement purposes only was appropriate under Rule 23; (b) the fairness, reasonableness, and the adequacy of the

Stipulation; and (c) the fairness and reasonableness of Class Counsel's Application for Fees under applicable law. The Court independently evaluated not only the pleadings, evidence, and arguments of Plaintiffs, Class Counsel and Shelter, but also rigorously and independently evaluated the Stipulation and Class Counsel's Application for Fees on behalf of Class Members, and as such, the Court considered arguments that could reasonably be made against approval of the Stipulation and Class Counsel's Application for Attorneys' Fees, even though such arguments were not actually presented to the Court by pleading or oral argument.

20. In light of the matters presented in this Action and the provisions of the Stipulation, the Court finds that the Proposed Settlement is a fair, reasonable, and adequate compromise of the claims against Shelter, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In considering a number of factors, the Court finds that:

a. The liability issues in this Action and the suitability of this Action for certification of a litigation class have been vigorously contested, particularly with respect to litigation manageability requirements;

b. This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;

c. The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties, and not a result of any collusion on the part of Class Counsel or Shelter; and

d. Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Stipulation.

## II. CONCLUSIONS OF LAW

1. This Court has jurisdiction over the Plaintiffs, Shelter, and members of the Settlement Class.

2. The Court concludes that, for settlement purposes only, the Settlement Class meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and all other applicable rules and law and can therefore be certified as a settlement class action. Class Members are ascertainable by an objective standard and are too numerous to be joined, and questions of law and fact are common to all Settlement Class Members, as required by Rule 23(a)(1) and (2). Moreover, the common questions of law and fact predominate over any questions affecting only individual members, and a class action is the superior method to fairly and efficiently adjudicate the controversy, as required by Rule 23(b)(3). The Class Representatives' claims are typical of those of the Settlement Class, as required by Rule 23(a)(3). The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

3. The Stipulation provides for the settlement of this Action with Shelter by the representative Plaintiffs on behalf of the members of the Settlement Class. The Stipulation provides that, in exchange for the releases described in the Stipulation and this Final Judgment, Shelter will provide substantial consideration consisting of settlement payments to all members of the Settlement Class who submit claims, as described in the Stipulation.

4. The parties have provided evidence that the Individual Notices were disseminated and Publication Notice published in accordance with the Preliminary Approval Order and

Stipulation, all of which informed members of the Settlement Class of the terms of the Proposed Settlement, of their opportunity to request exclusion from the Settlement Class, and of their opportunity to object to the terms of the Stipulation.

5. Based on the Court's review of the evidence admitted and arguments of counsel, the Court finds and concludes the Individual Notice and Claim Form were mailed to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, and together with the Publication Notice: (i) constituted the best notice practicable; (ii) were reasonably calculated to apprise potential members of the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the Proposed Settlement and to appear at the Final Approval Hearing, and their right to seek monetary relief; (iii) were reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) met all requirements of the Federal Rules of Civil Procedure and the requirements of due process under the Arkansas and United States Constitutions, and requirements of any other applicable rules or law. The Court further finds that the notice campaign undertaken concisely and clearly states in plain, easily understood language:

    a. the nature of the action;

    b. the definition of the class certified;

    c. the class claims, issues or defenses;

    d. that a Class Member may object to the settlement;

    e. that a Class Member may enter an appearance and be heard at the Final Approval Hearing in person or through counsel;

    f. that the Court will exclude from the Settlement Class any member who timely requests exclusion, stating when and how members may elect to be excluded;

    g. the date and time of the Final Approval Hearing; and

  h.  the binding effect of a Final Judgment on Class Members.

6. Having admitted and reviewed the evidence at the Final Approval Hearing concerning the success of the notice campaign, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to Class Members who had an earlier opportunity to request exclusion, but did not do so.

7. The Court finds that the Final Approval Hearing and the evidence before the Court clearly support a finding that the Stipulation was entered into in good faith, after arms-length negotiations between the Plaintiffs and Shelter.

8. The Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Stipulation is fair, reasonable, and adequate to members of the Settlement Class, based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

9. The settlement of the Action on the terms, conditions, and limitations set forth in the Stipulation is approved and confirmed in all respects as fair, reasonable, and adequate and in the best interest of the Settlement Class and Class Members, especially in light of the benefits made available to the Settlement Class and the costs and risks associated with the continued prosecution, trial and possible appeal of this complex litigation.

10. A review of the following factors supports a finding that the Settlement is fair, reasonable and adequate:

  a. The strength of the case for the plaintiffs on the merits, balanced against the amount offered in the settlement;

  b. The defendant's overall financial condition and ability to pay;

  c. The complexity, length and expense of further litigation; and

  d. The amount of opposition to the settlement.

*Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975)).

  11. Although the notice campaign was highly successful and resulted in notice being mailed to over 26,584 Class Members, only ten Class Members requested exclusion from the Settlement Class, and no Class Members filed objections to the Stipulation of Settlement. The minimal number of exclusion requests and no opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

  12. The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, considered all objections that could have been raised by any Class Member. After considering all possible objections, the Court finds that the Stipulation and Proposed Settlement are fair, reasonable, and adequate under federal law and the *Van Horn* factors.

  13. The claim process as set forth in the Stipulation is fair, reasonable, and adequate to both Class Members and Shelter. Any Class Member who does not submit a Claim Form in compliance with the claims process set forth in the Stipulation or, alternatively, who does not request exclusion from the Settlement Class in accordance with the Stipulation, is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

  14. Class Counsel's requests for $6,086,160.63 in attorneys' fees and expenses and Class Representatives' enhancement award of $5,000.00 to each Class Representative, to be paid by Shelter, are fair, reasonable and adequate, based on a review of the following factors:

  a. The time and labor required;

  b. The novelty and difficulty of the questions;

  c. The skill requisite to perform the legal service properly;

d. The preclusion of other employment by the attorney due to acceptance of the case;

e. The customary fee for similar work in the community;

f. Whether the fee is fixed or contingent;

g. Time limitations imposed by the client or the circumstances;

h. The amount involved and the results obtained;

i. The experience, reputation, and ability of the attorneys;

j. The undesirability of the case;

k. The nature and length of the professional relationship with the client; and

l. Awards in similar cases.

*See In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 993 (D. Minn. 2005) (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974)); *see also Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990) (utilizing a similar multi-factor test in considering whether to award attorneys' fees).

**IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Stipulation.

2. Timely requests for exclusion were submitted by ten potential members of the Settlement Class and those potential Class Members (identified in Exhibit "1" hereto) are excluded from the Settlement Class. All other members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Judgment and by the Stipulation and the Proposed Settlement embodied therein, including the releases provided for in the Stipulation and this Final Judgment.

3. Plaintiffs' Motion for Final Approval (ECF No. 69) is hereby **GRANTED** and all provisions and terms of the Stipulation are hereby finally approved in all respects. The Parties to the Stipulation are directed to consummate the terms of the Stipulation.

4. This Final Judgment shall be immediately entered as to all claims in the Action between Plaintiffs and Shelter. The Court expressly determines that there is no just reason for delay in entering this Final Judgment.

5. Pursuant to Rule 23(a) and (g), Plaintiffs Michael Goodner and Robbie Goodner are appointed as the representatives of the Settlement Class, and the following Class Counsel are appointed as counsel for the Settlement Class:

| | |
|---|---|
| Matt Keil<br>John C. Goodson<br>**KEIL & GOODSON P.A.**<br>406 Walnut St.<br>Texarkana, Arkansas 71854 | Steven E. Vowell<br>William B. Putman<br>**TAYLOR LAW PARTNERS**<br>303 E. Millsap Road<br>P.O. Box 8310<br>Fayetteville, Arkansas 72703 |
| Richard E. Norman<br>R. Martin Weber, Jr.<br>**CROWLEY NORMAN LLP**<br>Three Riverway, Ste. 1775<br>Houston, Texas 77056 | A.F. "Tom" Thompson, III<br>Casey Castleberry<br>**MURPHY, THOMPSON, ARNOLD,<br>  SKINNER & CASTLEBERRY**<br>P.O. Box 2595<br>Batesville, Arkansas 72503 |
| Jamie Pratt<br>**JAMES M. PRATT, JR. P.A.**<br>144 Washington St. NW<br>Camden, Arkansas 71701 | Jason E. Roselius<br>**MATTINGLY & ROSELIUS, PLLC**<br>13182 N. MacArthur Blvd.<br>Oklahoma City, Oklahoma 73142 |
| Matthew L. Mustokoff<br>Richard A. Russo, Jr.<br>**KESSLER TOPAZ MELTZER &<br>  CHECK, LLP**<br>280 King of Prussia Road<br>Radnor, Pennsylvania 19087 | James A. Streett<br>**STREETT LAW FIRM, P.A.**<br>107 West Main Street<br>Russellville, Arkansas 72801 |

6. Upon the entry of this Final Judgment, each Class Member shall be conclusively deemed to have fully released and discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined in the Stipulation, and shall be conclusively bound by this Final Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion.

7. "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages) arising from or in any way related to depreciation of labor (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of depreciation of labor) in the adjustment and/or payment of any Covered Loss, which have been alleged or which could have been alleged by Plaintiffs in the Litigation, on behalf of themselves and/or on behalf of the Settlement Class, to the full extent of res judicata protections but only as related to depreciation of labor, and whether arising under or based on contract, extra-contractual or tort theories, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation. Released Claims do not include any claim for enforcement of the contemplated Stipulation of Settlement and/or Final Judgment.

8. "Released Persons" means Shelter and its Affiliate, and their past or present subsidiaries, parents, and/or affiliates, their successors and predecessors in interest, their assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, managing agents, employees, attorneys, auditors, accountants, brokers, surplus lines brokers, underwriters,

14

advisers, insurers, co-insurers, re-insurers, and/or consultants. "Affiliate" means Shelter General Insurance Company.

9. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Judgment, the Court permanently and forever bars and enjoins Plaintiffs, all Class Members, and anyone acting on their behalf, from filing, commencing, prosecuting, intervening in, or participating in (as parties or class members) any action in any federal or state court or before any other tribunal or forum of any kind, asserting any Released Claims against Shelter or any of the Released Parties (except as necessary before the Court to enforce the terms of the Stipulation). Any person who knowingly violates this injunction will be liable for the costs and attorneys' fees incurred by Shelter or any of the Released Parties as a result of such violation.

10. Proprietary Information of Shelter shall be protected from disclosure and handled in accordance with the terms of the Stipulation, and Class Counsel and other attorneys for Plaintiffs in this Action shall destroy or return all Proprietary Information in their possession, custody, or control as set forth in the Stipulation.

11. Class Counsel's Application for Fees (ECF No. 71) is hereby **GRANTED**. Pursuant to Rule 23(h), the Court awards Class Counsel the total sum of $6,086,160.63 in attorneys' fees and costs. In addition, the Court awards each Class Representative a participation fee of $5,000.00. The Court hereby finds that these amounts are fair and reasonable. Shelter shall pay such fees to Class Counsel pursuant to the terms of the Stipulation.

12. Payments to Eligible Class Members shall be made in the amounts, within the time periods, and in the manner described in the Stipulation.

13. The Court appoints B.J. Joplin of Gibson & Associates as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Stipulation. Neither Plaintiffs, nor Shelter, nor the parties' counsel shall be liable for any act or omission of the Neutral Evaluator.

14. The Action is hereby **DISMISSED WITH PREJUDICE** in its entirety on the merits, and without leave to amend.

15. Without in any way affecting the finality of this Final Judgment, this Court shall retain exclusive continuing jurisdiction over this Action for purposes of:

    a. Enforcing the Stipulation and the Settlement;

    b. Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

    c. Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED**, this 6th day of June, 2017.

                                             /s/ Susan O. Hickey
                                             Susan O. Hickey
                                             United States District Judge